FILED
2014 APR 10 PM 4:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

KAMALA D. HARRIS
Attorney General of California
RICHARD J. ROJO
Supervising Deputy Attorney General
PAUL C. EPSTEIN
Deputy Attorney General
State Bar No. 125142
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 620-2249
  Fax: (213) 897-2810
  E-mail: Paul.Epstein@doj.ca.gov
*Attorneys for Defendants Joseph A. Farrow, Commissioner of the California Highway Patrol and California Highway Patrol Sergeant Feliberto Navarro*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. GONZALEZ, an individual,<br><br>        Plaintiff,<br><br>  v.<br><br>CHP Officer GILBERT CARRERA, an individual, CHP Officer NAVARRO, an individual, CHP Commissioner JOSEPH A. FARROW, an individual, COUNTY OF LOS ANGELES, a municipal corporation, and DOES 1-50, inclusive,<br><br>        Defendants. | CASE NO. CV14-02767-SJO(AJWx)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441 (b) (FEDERAL QUESTION JURISDICTION); DECLARATION OF PAUL C. EPSTEIN IN SUPPORT THEREOF** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendants Joseph A. Farrow, Commissioner of the California Highway Patrol and California Highway Sergeant Feliberto Navarro hereby remove to this Court the state action described below under 28 U.S.C. §§ 1331, 1441 and 1446, reserving any and all rights, objections, defenses and exceptions:

1

1. On December 13, 2013, an action was filed in the Superior Court of the State of California, County of Los Angeles, entitled Victor M. Gonzalez v. CHP Officer Gilbert Carrera, et al., Case Number BC 530390 (the state action). True and correct copies of the summons and complaint are attached as Exhibit A. This constitutes all processes, pleadings, and orders delivered to or served on defendants. No further proceedings have occurred in the above-entitled action.

2. The first date on which any of the removing defendants received a copy of the summons and complaint in the state action was March 14, 2014. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b), because it has been filed within 30 days after service of the summons and complaint.

3. The state action pleads three causes of action for violation of plaintiff's civil rights under 42 U.S.C. §1983. The state action is therefore a civil action of which this court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343, and which may be removed to this Court under 28 U.S.C. § 1441(b) and (c). There is an additional state law cause of action for negligence.

4. The defendants in the state action are Joseph A. Farrow, Commissioner of the California Highway Patrol, California Highway Patrol Officer Gilberto Carrera, California Highway Patrol Sergeant Feliberto Navarro, and the County of Los Angeles. Defendants Farrow, Carrera and Navarro consent to the removal of the state action to this Court. The County of Los Angeles has been served but has not yet appeared in the state action. Counsel for the removing parties does not know the identity of counsel for the County of Los Angeles and therefore does not know whether the County of Los Angeles consents to the removal of the state action to this Court.

5. Defendants will give written notice of the filing of this Notice of Removal to all parties, and will file a copy of this Notice of Removal with the Superior Court of the State of California, County of Los Angeles, both as required by 28 U.S.C. § 1446 (d).

6. The undersigned, counsel for defendants Joseph A. Farrow, Commissioner of the California Highway Patrol and California Highway Patrol Sergeant Feliberto Navarro, has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446 (a).

7. WHEREFORE, defendants Joseph A. Farrow, Commissioner of the California Highway Patrol and California Highway Patrol Sergeant Feliberto Navarro, pray that Action No. BC 530390, now pending in the Superior Court the State of California, county of Los Angeles, be removed to this Court.

Dated: April 10, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
RICHARD J. ROJO
Supervising Deputy Attorney General

PAUL C. EPSTEIN
Deputy Attorney General
*Attorneys for Defendants Joseph A. Farrow, Commissioner of the California Highway Patrol and California Highway Patrol Sergeant Feliberto Navarro*

# EPSTEIN DECLARATION

# DECLARATION OF PAUL C. EPSTEIN

I, Paul C. Epstein, declare as follows:

1. I am an attorney-at-law, duly authorized to practice before all courts of the State of California and the United States District Court for the Central District of California. I am employed by the Office of the California Attorney General as a Deputy Attorney General. As a Deputy Attorney General, I am responsible for the handling of this action. The facts and matters stated herein are within my personal knowledge, and if called as a witness I could and would competently testify thereto.

2. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343, because the complaint raises claims for civil rights violations under the Constitution and laws of the United States. It is therefore subject to removal under 28 U.S.C. § 1441 (b) and (c).

3. The first date on which any of the removing defendants received a copy of the summons and complaint in the state action was March 14, 2014. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b), because it has been filed within 30 days after service of the summons and complaint.

4. The defendants in the state action are Joseph A. Farrow, Commissioner of the California Highway Patrol, California Highway Patrol Officer Gilberto Carrera, California Highway Patrol Sergeant Feliberto Navarro, and the County of Los Angeles. Defendants Farrow, Carrera and Navarro consent to the removal of the

state action to this Court. The County of Los Angeles has been served but has not yet appeared in the state action. Counsel for the removing parties does not know the identity of counsel for the County of Los Angeles and therefore does not know whether the County of Los Angeles consents to the removal of the state action to this Court.

5.  Declarant will give written notice of this filing to all adverse parties as required by 28 U.S.C. § 1446 (d), and will file a copy of this Notice of Removal with the Superior Court of the State of California, County of Los Angeles.

6.  Exhibit A attached is a true and correct copy of the summons and complaint filed December 13, 2013, in the Superior Court of the State of California, County of Los Angeles, Central District, captioned: *Victor M. Gonzalez v. CHP Officer Gilbert Carrera, et al.*, Case Number BC 530390.

Executed this 10th day of April, 2014, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

_____
PAUL C. EPSTEIN

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHP Officer GILBERT CARRERA, an individual, CHP Officer NAVARRO, an individual, CHP Commissioner JOSEPH A. FARROW,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VICTOR M. GONZALEZ, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

DEC 19 2013

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* 111 North Hill Street, Los Angeles, California 90012

**CASE NUMBER:** *(Número del Caso):* BC530390

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas Gilliland, 402 West Broadway, Suite 1760, San Diego, CA 92101

DATE: *(Fecha)* 	SHERRI R. CARTER Clerk, by *Amber Hayes* *(Secretario)*, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant. CHP Commissioner Joseph A. Farrow
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3/16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gonzalez v. Carrera | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

an individual, COUNTY OF LOS ANGELES, a municipal corporation, and DOES 1-50, inclusive

Page ____ of ____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Douglas S. Gilliland, Esq. (SBN: 157427)
Leonard H. Burgess, Esq. (SBN: 165935)
GILLILAND & BURGESS
402 West Broadway, Suite 1760
San Diego, California 92101
www.gillilandburgess.com
TEL: (619) 231-4300  FAX: (619) 231-1599

Attorneys for VICTOR MANUEL GONZALEZ

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

DEC 13 2013

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VICTOR M. GONZALEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CHP Officer GILBERT CARRERA, an individual, CHP Officer NAVARRO, an individual, CHP Commissioner JOSEPH A. FARROW, an individual, COUNTY OF LOS ANGELES, a municipal corporation, and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO.: BC530390 <br><br> **COMPLAINT FOR:** <br><br> (1) Excessive Force – 42 USC 1983 <br> (2) False Arrest – 42 USC 1983 <br> (3) Deliberate Indifference to Medical Needs – 42 USC 1983 <br> (4) Negligence |

COMES NOW, Plaintiff VICTOR GONZALEZ, an individual, by and through his attorneys of record, GILLILAND & BURGESS, by Douglas S. Gilliland, Esq. and Leonard H. Burgess, Esq. and allege and complain as follows:

I.

GENERAL ALLEGATIONS

1. Venue of this medical malpractice lawsuit is proper in the Superior Court of the State of California, in and for the County of Los Angeles, because at all times relevant hereto, Plaintiff's bodily injuries were suffered in Los Angeles County, California and the individual defendant GILBERT CARRERA resides in Los Angeles County, California.

1

COMPLAINT

2. At all times relevant to this Complaint, Plaintiff VICTOR GONZALES was a resident of Baja California, Republic of Mexico.

3. At all times relevant to this Complaint, Defendant Officers GILBERT CARRERA and NAVARRO were individuals employed by the California Highway Patrol and reside in Los Angeles County, California.

4. At all times relevant to this Complaint, Defendant JOSEPH A. FARROW was an individual and Commissioner of the California Highway Patrol.

5. At all times relevant hereto, Defendant County of Los Angeles was a municipal corporation and responsible for operating the Los Angeles County Jail.

6. Plaintiff is truly ignorant of the true names, identities and capacities of DOES 1 through 10, inclusive, and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

## II.

## FIRST CAUSE OF ACTION

[Excessive Force – 42 U.S.C. 1983 Against Defendants CARRERA, FARROW and DOES 1-5]

Plaintiff hereby incorporates all previous allegations herein as if those allegations were fully set forth and pled here at.

7. On December 15, 2011, 49 year old Plaintiff VICTOR GONZALEZ was driving his one-ton dual wheeled truck on Don Julian Road in the City of Industry, California. Mr. GONZALEZ was also towing a 16 foot flat-bed dual axle trailer. Mr. GONZALEZ owns a business that purchases used industrial machinery in the United States. He then transports the machinery back to Ensenada, Mexico. Mr. GONZALEZ resells the machinery from his commercial sales lot in Ensenada. He was in the United States legally.

8. As Mr. GONZALEZ drove his truck toward 15241-77 Don Julian Road in the City of Industry, he noticed a police car following him. The car turned on its bar lights and Mr. GONZALEZ pulled over. The car was a Califonria Highway Patrol K-9 Unit driven by California Highway Patrol K-9 Officer and Defendant GILBERT CARRERA.

COMPLAINT

9. Officer CARRERA asked Mr. GONZALEZ for identification and Mr. GONZALEZ complied. Officer CARRERA asked Mr. GONZALEZ for the vehicle registration and Mr. GONZALEZ complied. Officer CARRERA got his police dog and walked around Mr. GONZALEZ's truck with his police dog, opening the passenger door, tailgate and tool box. He then returned the dog to the police car.

10. Officer CARRERA patted down Mr. GONZALEZ and felt a bulge in his front pocket. Mr. GONZALEZ told Officer CARRERA that he had $3,950 USD in cash in his pocket. Officer CARRERA asked Mr. GONZALEZ if he was a drug dealer. Mr. CARRERA replied that he was not. Mr. GONZALEZ explained that he purchases machinery with cash in the United States and resells the machinery in Mexico. Officer CARRERRA asked Mr. GONZALEZ if he had cocaine in his truck. Mr. GONZALEZ said no.

11. Officer CARRERA then asked Mr. GONZALEZ if he would consent to a search of his truck. Mr. GONZALEZ gave his consent. He asked Mr. GONZALEZ to sign a piece of paper allowing him to search the truck. Mr. GONZALEZ complied and signed the piece of paper.

12. Officer CARRERA then handcuffed Mr. GONZALEZ and told him to sit on the curb. Mr. GONZALEZ complied. Officer CARRERA went back to his police car and brought out the police dog. It was not on a leash. As Officer CARRERA walked by Mr. GONZALEZ, Mr. GONZALEZ heard Officer CARRERA say a command to the police dog. The dog then ran at Mr. GONZALEZ and mauled him. The mauling occurred for about 40 seconds while Mr. GONZALEZ called for help. After 40 seconds, Officer CARRERA gave a second command and the dog immediately stopped biting Mr. GONZALEZ and returned to the police car.

13. Officer CARRERA then turned to Mr. GONZALEZ and said, "Why did you try to run" or words to that effect. Mr. GONZALEZ asked how he could possibly try to run while sitting handcuffed on the curb. Mr. GONZALES laid on the ground bleeding from the chest and arm.

14. An ambulance took Mr. GONZALEZ to a hospital. Medical staff used seven staples to close the wounds on Mr. GONZALEZ's chest and arm.

15. CHP Officer NAVARRO met Mr. GONZALEZ at the hospital. He interviewed Mr. GONZALEZ at the hospital and then transported him back to where the dog attack had occurred. By

1  this time, there were police officers from the Redlands Police Department, Los Angeles Sheriff's
2  Department, California Highway Patrol and other officers that identified themselves just as
3  "narcotics officers." Officer NAVARRO informed Mr. GONZALEZ that he would be held in
4  custody until the narcotics search of his truck and trailer were completed. Another officer was
5  ordered by Officer CARRERA to search the truck.

6    16.  Mr. GONZALEZ was transported to the Los Angeles County Jail at City of Industry.
7  He was booked into that jail.

8    17.  Los Angeles County Sheriff Deputies held Mr. GONZALEZ in custody at the
9  direction of Officers NAVARRO and GONZALEZ for six days. He pleaded with Los Angeles
10 County Sheriff Deputies and staff for medical attention. His wounds had become infected. Mr.
11 GONZALEZ drained the puss from his wounds into a cup. By the second day in custody, Mr.
12 GONZALEZ had developed a fever. Another inmate helped him try to keep the fever down. His
13 skin had become remarkably discolored around the infected wounds. Yet he was not given any
14 medical attention. Mr. GONZALEZ pleaded to Los Angeles County Sheriff Deputies for medical
15 attention each of the six days he was held in custody. Yet he was denied medical treatment.

16    18.  Mr. GONZALEZ's family contacted the Mexican Consulate. They were very worried
17 because he never came home on December 15, 2011. The Mexican Consulate started calling the Los
18 Angeles County jail on the fifth day of Mr. GONZALEZ's imprisonment. Despite numerous calls,
19 the Los Angeles County Sheriff Deputies refused to release Mr. GONZALEZ.

20    19.  On the sixth day of his imprisonment, a man with a military looking uniform came to
21 visit Mr. GONZALEZ. Then federal agents from Immigration and Customs Enforcement (hereafter
22 "ICE") came to visit Mr. GONZALEZ. He was transferred to the ICE office in Los Angeles and
23 interrogated. He was given a clean shirt to replace his prison garment which had large blood and
24 puss stains. He was given a meal and a can of soda. ICE agents then transported Mr. GONZALEZ
25 to the Los Angeles Union Station (train station) and dropped him off.

26    20.  The Fourth Amendment to the United States Constitution guarantees aliens the
27 right to be secure in their persons against unreasonable searches and seizures which includes
28 the right to be free from the use of excessive and unlawful force. Officer CARRERA, acting

4

COMPLAINT

under color of law, deprived Mr. GONZALEZ of his rights under the Fourth Amendment to the United States Constitution to be free from the use of excessive and unlawful force by law enforcement. Officer CARRERA violated plaintiff's rights under the United States Constitution to be free from the use of excessive and unlawful force by ordering the police dog to attack Mr. GONZALEZ for no reason. Officer CARRERA further violated plaintiff's rights under the United States Constitution to be free from the use of excessive and unlawful force by allowing the mauling to continue without taking steps to stop it until plaintiff had suffered severe and serious injuries.

21.    Defendant FARROW is the commissioner of, and policy maker for, the California Highway Patrol. The force used herein has become a matter of policy, custom and practice, in the exercise of the California Highway Patrol and Officer CARRERA, which is deliberately indifferent to the constitutional rights of the community in general and plaintiff's constitutional rights in particular by permitting a culture of excessive force, police brutality and false arrest to exist in the ranks of the officers and supervisors with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated under the Fifth Amendment to the United States Constitution which permitted violations of the Fourth Amendment rights to be free from the exercise of excessive force.

22.    The acts, omissions, policy, custom and practice of these defendants was the moving force behind the ultimate injuries suffered by Mr. GONZALEZ.

23.    The ultimate injuries suffered by Mr. GONZALEZ include permanent nerve damage and loss of feeling in his right forearm, loss of range of use of his right forearm, plus general and special damages including economic loss to his business, pain, suffering and emotional distress.

24.    The conduct that violated plaintiff's rights and was the moving force behind the ultimate injuries suffered by plaintiff was malicious, oppressive and/or done with a conscious disregard for plaintiff's right. As such, plaintiff is entitled to punitive damages

COMPLAINT

against these defendants in order to punish them for the conduct alleged and to deter them from similar conduct in the future.

## III.

## SECOND CAUSE OF ACTION

[False Arrest and Imprisonment – 42 U.S.C. 1983 Against Defendants CARRERA, FARROW, COUNTY OF LOS ANGELES and DOES 6-20]

Plaintiff hereby incorporates all previous allegations herein as if those allegations were fully set forth and pled here at.

25. The Fourth Amendment to the United States Constitution guarantees aliens the right to be secure in their persons against unreasonable searches and seizures which includes the right to be free from arrest, detention and false imprisonment without probable cause or reasonable suspicion.

26. Officers CARRERA and NAVARRO, acting under color of law, deprived plaintiff GONZALEZ of his rights under the Fourth Amendment to the United States Constitution to be free from false arrest and false imprisonment by arresting Mr. GONZALEZ without probable cause to believe a crime had been committed. Defendants CARRERA and NAVARRO violated plaintiff's rights under the United States Constitution to be free from false arrest by engaging in the conduct pled herein, including, but not limited to arresting Mr. GONZALEZ after a search of his truck had found no drugs and the K-9 search of the truck had found no drugs and ordering the Los Angeles Sheriff Deputies, sued herein as DOE defendants 6-20 to continue to imprison Mr. GONZALEZ for six days.

27. Los Angeles Sheriff Deputies, sued herein as DOE defendants 6-20, acting under color of law, violated plaintiff's rights under the United States Constitution to be free from false arrest and false imprisonment by engaging in the conduct pled herein, including, imprisoning Mr. GONZALEZ for six days without affording him the right to see a judge or confer with an attorney.

28. The County of Los Angeles, as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of the

community in general and plaintiff's in particular by permitting either a system where the California Highway Patrol can direct its deputies to violate plaintiff's rights through false imprisonment or by allowing deputies to intentionally and falsely imprison Mr. GONZALEZ for six days or by operating a flawed system in which plaintiff's constitutional rights were violated by a system that permits a six day imprisonment without due process of law to exist in the ranks of the officers and supervisors with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated under the Fifth Amendment to the United States Constitution which permitted violations of Fourth Amendment rights to be free from unlawful seizures and imprisonment.

29.   The conduct alleged herein violated plaintiffs rights alleged above which was the moving force behind the ultimate injuries suffered by plaintiff including general and special damages according to proof at the time of trial.

30.   The defendants' conduct that violated plaintiff's rights and was the moving force behind the ultimate injuries suffered by plaintiff was malicious, oppressive and/or done with a conscious disregard for plaintiff's right. As such, plaintiff is entitled to punitive damages against these defendants in order to punish them for the conduct alleged and to deter them from similar conduct in the future.

## IV.

### THIRD CAUSE OF ACTION

[Deliberate Indifference to Medical Needs – 42 U.S.C. 1983 Against Defendants COUNTY OF LOS ANGELES and DOES 6-25]

Plaintiff hereby incorporates all previous allegations herein as if those allegations were fully set forth and pled here at.

31.   The Eighth Amendment to the United States Constitution guarantees aliens the right to be free from unreasonable medical attention to serious medical needs.

32.   The COUNTY OF LOS ANGELES and DOES 6-25, acting under color of law, deprived plaintiff GONZALEZ of his rights under the Eighth Amendment to the United States Constitution to be free from unreasonable medical attention to serious medical needs

COMPLAINT

by failing to attend to plaintiff's wounds and provide him medical care during a six day unconstitutional confinement. Failing to provide medical care during an unconstitutional confinement violates the Eighth Amendment as a matter of law because Mr. GONZALEZ should not have been confined at all.

33. The COUNTY OF LOS ANGELES and Los Angeles Sheriff Deputies, sued herein as DOE defendants 1-20 and medical staff sued here as does 21-25, acting under color of law, violated plaintiff's rights under the United States Constitution to be free from unreasonable medical attention to serious medical needs by failing to provide medical care to Mr. GONZALEZ.

34. The County of Los Angeles, as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of the community in general and plaintiff's in particular by providing unreasonable medical attention to serious medical needs, in the ranks of the officers and supervisors with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated under the Fifth Amendment to the United States Constitution which permitted violations of Eighth Amendment rights to be free from unreasonable medical attention to serious medical needs.

35. The conduct alleged herein violated plaintiffs rights alleged above which was the moving force behind the ultimate injuries suffered by plaintiff including general and special damages according to proof at the time of trial.

36. The defendants' conduct that violated plaintiff's rights and was the moving force behind the ultimate injuries suffered by plaintiff was malicious, oppressive and/or done with a conscious disregard for plaintiff's right. As such, plaintiff is entitled to punitive damages against these defendants in order to punish them for the conduct alleged and to deter them from similar conduct in the future.

## V.

## FOURTH CAUSE OF ACTION

[Negligence against Defendants CARRERA, NAVARRO, COUNTY OF LOS ANGELES and DOES 1-25]

Plaintiff hereby incorporates all previous allegations herein as if those allegations were fully set forth and pled here at.

37. The defendants had a duty to exercise ordinary care in the performance of their duties as law enforcement and operating the county jail. Defendants breached that duty of care by allowing the police dog to maul plaintiff, falsely arresting plaintiff and falsely imprisoning plaintiff.

38. The breach of duty by the defendants was the moving force behind the injuries suffered by plaintiff.

39. Plaintiff's injuries include general and special damages according to proof at the time of trial. Plaintiff has exhausted administrative remedies prior to filing this lawsuit.

WHEREFORE, Plaintiffs prays as follows:

1. General damages according to proof at the time of trial,
2. Special damages according to proof at the time of trial,
3. Any further declaratory relief as this Court deems just,
4. Interest and Costs of suit incurred herein,
5. Punitive damages, and
6. Attorney fees.

Dated: December 12, 2013

GILLILAND & BURGESS

By: _____
Douglas S. Gilliland, Esq.
Attorneys for Plaintiff VICTOR GONZALEZ

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: *Victor Gonzalez v. Gilbert Carrera, et al.*

No.: BC 530390

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>April 10, 2014</u>, I served the attached

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441 (b) (FEDERAL QUESTION JURISDICTION); DECLARATION OF PAUL C. EPSTEIN IN SUPPORT THEREOF**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA 90013, addressed as follows:

| | |
|---|---|
| Douglas S. Gilliland, Esq. | James J. McGarry, Esq. |
| GILLILAND & BURGESS | MCGARRY & LAUFENBERG |
| 402 West Broadway, Suite 1760 | 615 North Nash Street, Suite 305 |
| San Diego, CA 92101 | El Segundo, CA 92045 |
| Attorneys for Plaintiff | Attorneys for Defendant CHP Officer Gilberto Carrera |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>April 10, 2014</u>, at Los Angeles, California.

Virginia Gow
Declarant

Signature

LA2014612163
61246122.doc

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____S. James Otero_____ and to Magistrate Judge _____Andrew J. Wistrich_____ .

The case number on all documents filed with the Court should read as follows:

### 2:14-cv-02767-SJO(AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the assigned Magistrate Judge has been designated to hear discovery-related motions. All discovery-related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

April 10, 2014                               By  APEDRO
Date                                             Deputy Clerk

---

### ATTENTION

*A copy of this Notice must be served on all parties served with the Summons and Complaint (or, in cases removed from state court, on all parties served with the Notice of Removal) by the party who filed the Complaint (or Notice of Removal).*

CV-18 (04/14)                     NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES