1 | Douglas S. Gilliland, Esq. (SBN: 157427)
Leonard H. Burgess, Esq. (SBN: 165935)
2 | GILLILAND & BURGESS
402 West Broadway, Suite 1760
3 | San Diego, California 92101
www.gillilandburgess.com
4 | TEL: (619) 231-4300  FAX: (619) 231-1599

5 | Attorneys for VICTOR MANUEL GONZALEZ

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY LOS ANGELES, CENTRAL DISTRICT

10 | VICTOR M. GONZALEZ, an individual,      ) CASE NO.: 2:14-cv-02767 SJO AJW
11 |                   Plaintiff,             ) **FIRST AMENDED COMPLAINT FOR:**
12 |         v.                               ) (1)  False Imprisonment – 42 USC 1983
                                              )      and *Bivens*
13 | COUNTY OF LOS ANGELES, a municipal       )
     corporation, RENEE PHILLIPS, an individual, ) (2)  Deliberate Indifference to Medical
14 | MATTHEW KAYLOR, an individual,           )      Needs – 42 USC 1983
     VERONICA TURPIN-MORT, and individual,   )
15 | NADINE ADKINS, an individual, UNITED    )
     STATES OF AMERICA and DOES 10-25,       )
16 | inclusive,                               )
                                              )
17 |                   Defendants.            )
                                              )
18 |                                          )

1

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff VICTOR GONZALEZ, an individual, by and through his attorneys of record, GILLILAND & BURGESS, by Douglas S. Gilliland, Esq. and Leonard H. Burgess, Esq. and allege and complain as follows:

## I.

## **GENERAL ALLEGATIONS**

1. Venue of this medical malpractice lawsuit is proper in the Superior Court of the State of California, in and for the County of Los Angeles, because at all times relevant hereto, Plaintiff's bodily injuries were suffered in Los Angeles County, California and the individual defendant GILBERT CARRERA resides in Los Angeles County, California.

2. At all times relevant to this Complaint, Plaintiff VICTOR GONZALES was a resident of Baja California, Republic of Mexico.

3. At all times relevant hereto, Defendant County of Los Angeles was a municipal corporation and responsible for operating the Los Angeles County Jail.

4. At all times relevant hereto, Defendant RENEE PHILLIPS was a Custody Assistant employed by the County of Los Angeles at the county jail located at the City of Industry in Los Angeles County.

5. At all times relevant hereto, Defendant MATTHEW KAYLOR was a Custody Assistant employed by the County of Los Angeles at the county jail located at the City of Industry in Los Angeles County.

6. At all times relevant hereto, Defendant VERONICA TURPIN-MORT was a Custody Assistant employed by the County of Los Angeles at the county jail located at the City of Industry in Los Angeles County.

7. At all times relevant hereto, Defendant NADINE ATKINS was a Custody Assistant employed by the County of Los Angeles at the county jail located at the City of Industry in Los Angeles County.

8. At all times relevant hereto, Defendant UNITED STATES OF AMERICA sovereign nation and operating the agency Immigration and Customs Enforcement.

9. Plaintiff is truly ignorant of the true names, identities and capacities of DOES 5 through 50, inclusive, and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

## II.

## FIRST CAUSE OF ACTION

**[False Imprisonment – 42 U.S.C. 1983 – Against Defendants COUNTY OF LOS ANGELES, PHILLIPS, KAYLOR, TURPIN-MORT and UNITED STATES OF AMERICA and DOES 10-20]**

Plaintiff hereby incorporates all previous allegations herein as if those allegations were fully set forth and pled here at.

10. The Fourth Amendment to the United States Constitution guarantees aliens the right to be secure in their persons against unreasonable searches and seizures which includes the right to be free from arrest, detention and false imprisonment without probable cause or reasonable suspicion.

11. Los Angeles Sheriff Deputies, PHILLIPS, KAYLOR and TURPIN-MORT, acting under color of law, violated plaintiff's rights under the United States Constitution to be free from false imprisonment, including over-detention, by imprisoning Mr. GONZALEZ for six days without affording him the right to see a judge or confer with an attorney.

12. The County of Los Angeles, as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of the community in general and plaintiff's in particular which constitutional rights were violated by a system that permits a six day imprisonment without due process of law to exist in the ranks of the officers and supervisors with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated under the Fifth Amendment to the United States Constitution which permitted violations of Fourth Amendment rights to be free from unlawful seizures and imprisonment.

13. In addition to the constitutional deprivations pled above, Defendant UNITED STATES OF AMERICA, by and through its agency and agents, Immigration and Customs

Enforcement, (hereafter ICE), acting under color of federal law, deprived Mr. GONZALEZ of his constitutional rights under the Fourth Amendment to be free from false imprisonment, by issuing a customs hold on Mr. GONZALEZ when no basis existed to have Mr. GONZALEZ held. The hold was issued by DOES 10-15 and violated Mr. GONZALEZ's constitutional rights by contributing to the over-detention.

14. The conduct alleged herein violated plaintiffs rights alleged above which was the moving force behind the ultimate injuries suffered by plaintiff including general and special damages according to proof at the time of trial.

15. The defendants' conduct that violated plaintiff's rights and was the moving force behind the ultimate injuries suffered by plaintiff was malicious, oppressive and/or done with a conscious disregard for plaintiff's right. As such, plaintiff is entitled to punitive damages against these defendants in order to punish them for the conduct alleged and to deter them from similar conduct in the future.

## IV.
## SECOND CAUSE OF ACTION
**[Deliberate Indifference to Medical Needs – 42 U.S.C. 1983 Against Defendants COUNTY OF LOS ANGELES and DOES 22-25]**

Plaintiff hereby incorporates all previous allegations herein as if those allegations were fully set forth and pled here at.

16. The Eighth Amendment to the United States Constitution guarantees aliens the right to be free from unreasonable medical attention to serious medical needs.

17. The COUNTY OF LOS ANGELES and NADINE ATKINS, acting under color of law, deprived plaintiff GONZALEZ of his rights under the Eighth Amendment to the United States Constitution to be free from unreasonable medical attention to serious medical needs by failing to attend to plaintiff's wounds and provide him medical care during a six day unconstitutional confinement. Failing to provide medical care during an unconstitutional confinement violates the Eighth Amendment as a matter of law because Mr. GONZALEZ should not have been confined at all. Mr. GONZALEZ's arm had become swollen and

discolored from an infection that had developed which oozed puss while he was incarcerated and he asked NADINE ATKINS for medical treatment which was refused.

18. The COUNTY OF LOS ANGELES and Los Angeles Sheriff Deputies, acting under color of law, violated plaintiff's rights under the United States Constitution to be free from unreasonable medical attention to serious medical needs by failing to provide medical care to Mr. GONZALEZ which has now resulted in permanent nerve damage to his arm.

19. The County of Los Angeles, as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of the community in general and plaintiff's in particular by providing unreasonable medical attention to serious medical needs, in the ranks of the officers and supervisors with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated under the Fifth Amendment to the United States Constitution which permitted violations of Eighth Amendment rights to be free from unreasonable medical attention to serious medical needs.

20. The conduct alleged herein violated plaintiffs rights alleged above which was the moving force behind the ultimate injuries suffered by plaintiff including general and special damages according to proof at the time of trial.

21. The defendants' conduct that violated plaintiff's rights and was the moving force behind the ultimate injuries suffered by plaintiff was malicious, oppressive and/or done with a conscious disregard for plaintiff's right.  As such, plaintiff is entitled to punitive damages against these defendants in order to punish them for the conduct alleged and to deter them from similar conduct in the future.

WHEREFORE, Plaintiffs prays as follows:

1. General damages according to proof at the time of trial,
2. Special damages according to proof at the time of trial,
3. Any further declaratory relief as this Court deems just,
4. Interest and Costs of suit incurred herein,

**FIRST AMENDED COMPLAINT**

5.   Punitive damages, and

6.   Attorney fees.

DATED:  August 25, 2014          GILLILAND & BURGESS

By:   /s/ Douglas S. Gilliland
DOUGLAS S. GILLILAND, Esq., attorneys for Plaintiff VICTOR GONZALEZ
e-mail:  dgilliland@sandiegotriallawyers.com

**FIRST AMENDED COMPLAINT**

1  Douglas S. Gilliland, Esq. (SBN: 157427)
   Leonard H. Burgess, Esq. (SBN: 165935)
2  GILLILAND & BURGESS
   402 West Broadway, Suite 1760
3  San Diego, California  92101
   www.gillilandburgess.com
4  TEL: (619) 231-4300  FAX: (619) 231-1599

5  Attorneys for VICTOR MANUEL GONZALEZ

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10 VICTOR M. GONZALEZ, an individual,

11              Plaintiff,

                                              Case No. CV14-02767-SJO(AJWX)
12      v.
                                              **DEMAND FOR JURY TRIAL ON**
13 COUNTY OF LOS ANGELES, a municipal         **FIRST AMENDED COMPLAINT**
   corporation, RENEE PHILLIPS, an individual,
14 MATTHEW KAYLOR, an individual,
   VERONICA TURPIN-MORT, and individual,
15 NADINE ADKINS, an individual, UNITED
   STATES OF AMERICA and DOES 10-25,
16 inclusive,

17              Defendants.

1

**DEMAND FOR JURY TRIAL**

Plaintiff Victor Manuel Gonzalez demands a jury trial in this action.

DATED:  August 25, 2014          G<span>ILLILAND</span> & B<span>URGESS</span>


By:    /s/ Douglas S. Gilliland
DOUGLAS S. GILLILAND, Esq., attorneys for Plaintiff VICTOR GONZALEZ
e-mail:  dgilliland@sandiegotriallawyers.com